**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JERRY L. ROBINSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-1369-F |
| | ) | |
| **HECTOR A. LEDEZMA, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner currently confined at the Federal Correctional Institution (FCI) in El Reno, Oklahoma, appearing through counsel, has filed a petition for habeas relief pursuant to U.S.C. § 2241, attempting to challenge his sentence which he contends exceeds the statutory maximum. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases,[1] the Petition, which incorporates a Memorandum of Law, ("Petition") has been examined, and for the reasons set forth hereafter, the undersigned recommends that the Petition be dismissed on filing.

**I.** Background

On March 25, 2005, Petitioner plead guilty in the United States District Court for the District of Kansas, Case No. 5:04-cr-40107, to one count of possession with intent to

---

[1]In the Court's discretion, the Rules Governing Section 2254 Cases may be applied to other habeas actions, such as those brought under 28 U.S.C. §2241. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

distribute approximately 1300 grams of a mixture or substance containing a detectable quantity of marijuana. Petition, p. 3. He was sentenced in June of 2005 to 120 months of incarceration. Petition, p. 4. Petitioner provides no information in his Petition regarding whether a direct appeal was taken or any subsequent challenges were brought to the conviction or sentence.[2]

II. <u>Unavailability of Relief under Section 2241</u>

Relying on the decisions of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S.466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005), Petitioner contends that his Sixth Amendment right to notice and trial by jury and Fifth Amendment right to due process have been violated because he was sentenced "beyond the statutory maximum of 5 years for his sentence of conviction and he is now serving a sentence beyond those years." Petition, p. 1. Before considering the merits of Petitioner's claims, this Court must first determine whether such claims are properly brought in a habeas action pursuant

---

[2]The Petition refers to an "Appendix" of exhibits; however, no Appendix has been submitted nor are the referenced exhibits otherwise included in the record before this Court. The undersigned does take notice of two prior actions filed by Petitioner challenging his sentence. *See United States v. Robinson*, Case Nos. 04-40107-01, 06-3178, 2006 WL 26319 (D. Kan. Sept. 13, 2006) and *Robinson v. Ledezma*, Case No. Civ-08-1017-F (United States District Court for the Western District of Oklahoma). In the Kansas action, the sentencing court construed Petitioner's § 2255 motion, which challenged the computation of his sentence, as a challenge to the execution of his sentence under § 2241 and dismissed the action for failure to exhaust his administrative remedies. Petitioner then brought a habeas action pursuant to § 2241 in this Court, again challenging the computation of his sentence by the Bureau of Prisons, which action was dismissed as moot based on the Court's finding that Petitioner had received the relief requested. *See United States v. Robinson,* Case No. Civ-08-1017-F, Judgment (Feb. 13, 2009)(Doc. No. 13) (adopting Report and Recommendation (Dec. 31, 2008)(Doc. No. 11)). Information regarding dates of conviction and sentencing has been taken from the records in these cases.

to 28 U.S.C. § 2241 before this Court or whether his exclusive remedy lies in a proceeding pursuant to 28 U.S.C. § 2255 in the District Court of Kansas where he was convicted and sentenced.

It is well-established that habeas petitions filed pursuant to § 2241 and motions filed pursuant to § 2255 serve different and distinct purposes. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). In contrast, a § 2255 "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id. See also McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997)(stating that proceedings under 28 U.S. C. §§ 2254 and 2255 "are used to collaterally attack the validity of a conviction and sentence[]"). A petition under § 2241 "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255. *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963)). Notwithstanding Petitioner's bald assertion otherwise, a federal prisoner's claim that a sentence that exceeds the maximum length authorized by Congress clearly attacks the legality of the sentence and is, therefore, the province of a § 2255 petition rather than a 2241 petition. *McGee v. Terrell*, 227 Fed.Appx. 735, 737 (10th Cir. April 6, 2007) (unpublished op.) (citing *Bradshaw, supra)*. Petitioner's claim that his sentence was illegal because it exceeded the statutory maximum challenges the legality of the sentence imposed on him by the United States District Court for the District of Kansas rather than the execution of his sentence in this district. Therefore,

such claim must be brought pursuant to § 2255 in the sentencing court unless Petitioner can show that the so-called "savings clause" of § 2255 is applicable:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. § 2255(e) (emphasis added).

Petitioner fails to make the required showing of inadequacy or ineffectiveness. As Petitioner admits, "[c]ourts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho*, 177 F.3d at 1178. Certainly the fact that Petitioner may be barred from bringing a successive motion pursuant to § 2255 in the sentencing court does not support a finding that such remedy is inadequate or ineffective. *Id.* at 1179; *see also Myers v. Booker*, Case No. 00-3232, 2000 WL 1595967, *1 (10th Cir. Oct. 26, 2000) (unpublished op.) ("mere fact that Petitioner is precluded from filing a successive § 2255 petition does not render the remedy either inadequate or ineffective"). Nor can Petitioner come within the § 2255(e) savings clause based on the fact that § 2255 relief may no longer be available to him due to the statutory one year limitation period. *See Doe v. Reno,* No. 98-1252, 1999 WL 89030, *1 (10th Cir. Feb. 23, 1999) (unpublished op.).

Rather than attempting to demonstrate the inadequacy or ineffectiveness of a § 2255 motion, however, Petitioner asserts that his claims are properly raised through a § 2241

habeas petition because "a petition pursuant to 28 U.S.C. § 2241 may be used to challenge the execution of an individual's sentence[]" and the challenge he raises to the "continued execution of his sentence [which he] has now served more than the applicable statutory maximum[]" is, in fact a challenge to the execution of his sentence. Petition, pp. 11-12 (citing *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006)). Petitioner also contends that his habeas challenge to his federal sentence is properly brought because "[a] § 2241 application for habeas relief may be granted 'when the remedy requested would result in the prisoner's *immediate* or speedier *release* from * * * *confinement*.'" Petition, p. 11 (citing *Boutwell v. Keating*, 399 F.3d 1203, 1204 (10th Cir. 2005)). Neither of these cases supports Petitioner's attempt to bring this habeas action because both cases involve state prisoners' challenges to the actual execution rather than the legality of their sentences. *Dulworth* involved a state prisoner's challenge to the application of security points to deny his ability to earn credits against his sentence. The petitioner in *Boutwell* challenged the denial of a recommendation that he be placed in a preparole release program. Under Tenth Circuit authority, a federal habeas challenge to the execution of a **state** sentence such as the actions brought by Dulworth and Boutwell is properly brought pursuant to § 2241 rather than §2254. *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000). Because Petitioner is challenging a federal sentence, these cases are irrelevant to the procedural question presented by Petitioner's action.

Petitioner also contends that he should be allowed to bring a habeas challenge to his sentence because he is legally innocent, asserting that "in the Tenth Circuit, petitioner may

proceed under § 2241 to raise claims of actual innocence, as preventing such claims to move forward would represent a miscarriage of justice."[3]  Petition, pp. 11-12.  According to Petitioner, "[h]e did not commit an offense for which he could be incarcerated for any period beyond five years." *Id.*  Therefore, "because he was not eligible for the sentence imposed, he is actually innocent of the offense for which he is currently being held by the government." *Id.*

In *Hernandez-Escarsega v. Morris*, 43 Fed. Appx. 181, 184 (10th Cir. May 3, 2002) (unpublished op.), the Court recognized that other circuits allow a "federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence" to bring a § 2241 action, where "the possibility of relief under § 2255 is foreclosed." *Id.* (quoting *Lorentson v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000)).  Assuming without deciding that "actual innocence would merit our consideration of his § 2241 petition[,]" the Tenth Circuit found that Mr. Hernandez-Escarsega's claim raised only issues of legal innocence and affirming the district court's dismissal of his §2241 petition.  *Hernandez-Escarsega*, 43 Fed. Appx. at 185 (agreeing with the requirement imposed by other circuits that a petitioner to show factual innocence rather than legal innocence in order to proceed with a challenge to a conviction and sentence by way of a § 2241 petition (citing *e.g., Reyes-Requena v. United States*, 243 F.3d 893, 903-904

---

[3]In support of this argument, Petitioner cites cases involving state prisoners' challenges to state sentences brought pursuant to § 2254 which are simply inapplicable to the procedural question raised by the instant case.

(5th Cir. 2001) and *Triestman v. United States*, 124 F.3d 361, 379-80 (2nd Cir. 1997))). In *United States v. Apodaca*, 90 Fed.Appx. 300 (10th Cir. Jan. 30, 2004) (unpublished op.), the Tenth Circuit again acknowledged that "[a] petition for a writ of habeas corpus under § 2241 demonstrating actual innocence may be an available remedy" where limitations would foreclose § 2255 relief, *id.* at 304, but the Court noted that "recourse to the 2241 remedy will be unavailing unless accompanied by a clear showing of actual innocence[,]" *id.*, n.10 (citing *Reyes-Requena*, *supra*).

Petitioner does not assert that he is actually innocent of the crimes of conviction. Even if his claims entitled Petitioner to a lesser sentence, his conduct remains criminal. Thus, the undersigned finds Petitioner's claim that "because he was not eligible for the sentence imposed, he is actually innocent of the offense" is a claim of legal innocence rather than actual innocence. Consequently, Petitioner is not entitled to relief under § 2241.

In sum, Petitioner is attempting to challenge the validity of his sentence by a § 2241 action in the district of his incarceration; however, he has failed to demonstrate the inadequacy or ineffectiveness of the § 2255 remedy, a prerequisite to a § 2241 action. Thus, Petitioner's exclusive remedy is a § 2255 motion in the court which imposed his sentence, the United States District Court for the District of Kansas. Therefore Petitioner cannot proceed in this Court with a challenge to the legality of his sentence under § 2241, and the petition should be dismissed.

## RECOMMENDATION

For these reasons, it is recommended that the petition seeking habeas corpus pursuant

to 28 U.S.C. § 2241 be summarily dismissed. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before the 13th day of April, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Court Clerk is directed to mail a copy of this Report and Recommendation to the United States Attorney's office on behalf of the Respondent for informational purposes.

This Report and Recommendation terminates the referral of this matter to the undersigned.

Entered this 24th day of March, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE